Noel Grefenson, P.C.
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Ngrefenson@aol.com

Attorney for Defendant Robert A. Lund

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT A. LUND,<br><br>Defendant. | Case No. 3:18-cr-180-SI<br>Case No. **3:19-cr-244-SI**<br><br>DEFENDANT'S RESPONSE TO UNITED STATES' MOTION TO CONSOLIDATE RELATED CASES |

Noel Grefenson, counsel for defendant, Robert A. Lund, hereby responds to the government's motion to consolidate separate prosecutions filed in case numbers 3:18-cr-00180-SI and 3:19-cr-00244-SI, pursuant to Rule 13 and Rule 8(a) of the Federal Rules of Criminal Procedure. The government argues that joinder is appropriate because the criminal offenses alleged in these cases are of the same or similar character and are connected with or constitute parts of a common scheme or plan. For the reasons which follow, the Court should deny the government's motion.

1 – DEFENDANT'S RESPONSE TO UNITED STATES' MOTION TO CONSOIDATE RELATED CASES

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

## **BACKGROUND**

On April 24, 2018, a federal grand jury returned a single count indictment in case number 3:18-cr-180-SI. As alleged in this indictment, on April 24, 2013,:Mr. Lund made the following eight false statements during sworn testimony given to a bankruptcy trustee at a meeting of creditors hearing:

**False Statement #1**

Question: "Were you required to file a tax return for 2012?"
Response: "No."

**False Statement #2**

Question: "How much did you make?"
Response: "Uh ... approximately eight hundred a month, less than ten thousand ... "

**False Statement #3**

Question: "So, you 're [sic] mailing and residential address is still the same as when you filed this case, which is this?"
Response: "Yes, that Two-forty ... "

**False Statement #4**

Question: "Do you owe any income tax to any IRS or the State of Oregon?"
Response: "No."

**False Statement #5**

Question: "And you said, I think under oath that you don't have any income tax liabilities, is
that right?"
Response: "Uh, yeah ... correct. None that I know of."

**False Statement #6**

Question: "Is this property management thing, you 're involved in, is it a business of yours?"
Response: "No."

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

**False Statement #7**

Question: "You don't make a house payment?"
Response: "I don't. I live with -with f-family."

Question: On Second (2nd) Avenue?"
Response: "Yes."

**False Statement #8**

Question: "Have you ever owned or operated a business?"
Response: "No."

On June 12, 2019, more than one year after return of the 2018 indictment, the government indicted Mr. Lund in case number 3:19-cr-00244-MO. This indictment charges six separate offenses as follows:

    Count 1 -    Tax Evasion for tax years 1994 to 1996.

    Count 2 –    Failure to File Individual Tax Return for tax year 2013.

    Count 3 –    Failure to File Individual Tax Return for tax year 2014.

    Count 4 –    Obstructing or Impeding the IRS from in or about October 2000 and continuing up to and including December 2016.

    Count 5 –    Theft of Government Funds beginning in or about July 2012 and continuing through December 2016.

    Count 6 –    Theft of Government Funds beginning in or about July 2012 and continuing through December 2016.

The government now seeks to consolidate the offenses alleged in these separate indictments,

> . . . because there is a nexus between the crimes alleged in these instruments and because the same evidence proves the crimes. While the 2018 indictment charged defendant Lund with making false statements about his assets, income, employment, and residence in his 2013 bankruptcy proceeding, the 2019 indictment (in Count Four) alleges Lund used nominees to conceal his assets and income and filed petitions for bankruptcy with false representations about his assets to forestall IRS collections efforts.

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

(Gov. Motion, pp. 3-4) In addition, the government suggests that joinder of these offenses at the outset was available under Rule 8(a) because the general factual allegations in each indictment concern Mr. Lund's operation and control of the same real property and businesses and link together all of his offense conduct.

## ARGUMENT

Rule 13 provides that "[t]he court may order two or more indictments ... to be tried together if the offense ... could have been joined in a single indictment." Joinder of offenses is governed by Rule 8(a) which provides a court with discretion to join separate offenses in an indictment when at least one of three circumstances are met: 1) the offenses are of the same or similar character; 2) the offenses are based on the same act or transaction; or 3) the offenses are connected with or constitute parts of a common scheme or plan. Fed.R.Crim.P. 8(a).

As the government points out in its motion, a court discerns the propriety of Rule 8(a) joinder from the face of a charging instrument. *U.S. v. Jawara*, 474 F.3d 565, 573 (9th Cir., 2006).. Rule 8(a) is broadly construed to favor initial joinder because severance of offenses under Rule 14 is available to remedy any prejudice which might arise at trial as a result of joinder.[1] *U.S. v. Jawara*, 474 F.3d at pg. 573, citing *United States v.Friedman*, 445 F.2d 1076, 1082 (9th Cir.1971).

    1. <u>Same or Similar Character</u>:

In *Jawara*, the Ninth Circuit struggled to define the correct standard for Rule 8(a) joinder under the "same or similar character" rationale. Ultimately, the court confirmed that

---

[1] Because Rule 14 severance generally involves consideration of evidentiary concerns which counsel has yet to identify because of his recent association with this Mr. Lund's cases, if the Court orders consolidation, the defense will seek seek severance at according to the motions schedule.

4 – DEFENDANT'S RESPONSE TO UNITED STATES' MOTION TO CONSOIDATE RELATED CASES

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

the required determination is limited to examination of the charging instrument and consideration of a number of factors such the elements of the offenses, temporal proximity of alleged acts, evidentiary overlap, the physical location of the acts, modus operandi and victim identity. *U.S. v. Jawara,* 474 F.3d at pg. 578.

Mr. Lund's 2018 indictment alleges bankruptcy fraud as defined in 18 U.S.C. §152(2). Count 4 of the 2019 indictment alleges that Mr. Lund obstructed or impeded the enforcement of IRS laws as defined in 26 U.S.C. § 7212(a). These offenses involve markedly different statutes and material elements.

Count 4 of the 2019 indictment alleges acts which occurred between October 2000 and December 2016. All of the alleged false statements alleged in the 2018 indictment were made on April 24, 2013. With the exception that the offense alleged in the 2018 indictment falls on a single day in approximately the middle of the six year window alleged in the 2019 indictment, there is no temporal connection which can reasonably glean from these charging instruments. Further, the affirmative acts described in Count 4 allege that Mr. Lund brought multiple bankruptcy proceedings during the alleged six year time frame. Thus, it is not possible to know from the face of these indictments whether the offense alleged in the 2018 indictment constitutes one or the other of the affirmative acts alleged in Count 4.

For this same reason and because the affirmative acts alleged in Count 4 are so vague and generalized, it is impossible to draw a connection for purposes of modus operandi. Finally, although the bankruptcy court and the IRS are both agencies of the federal government, they have vastly different functions and should not be viewed as a

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

single victim. Rule 8(a) does not support joinder for offenses of a same or similar character.

    2.    <u>Common Scheme or Plan</u>:

The government also argues that because a "nexus" connects the offenses in the 2018 and 2019 indictments and it will offer the same evidence to prove them those offenses, joinder is appropriate. It states "[w]hile the 2018 indictment charged defendant Lund with making false statements about his assets, income, employment, and residence in his 2013 bankruptcy proceeding, the 2019 indictment (in Count Four) alleges Lund used nominees to conceal his assets and income and filed petitions for bankruptcy with false representations about his assets to forestall IRS collection efforts."

In *Jawara,* the court also addresses the concept of offenses connected by a "nexus" in relation to the "common scheme or plan" basis for Rule 8(a) joinder:

> We have not specifically defined the requisite nexus for a "common scheme or plan"; because the words are self-defining, courts generally permit joinder under this test where the counts "grow out of related transactions." *See Randazzo,* 80 F.3d at 627.Stated another way, we ask whether "[c]ommission of one of the offenses []either depended upon [ ]or necessarily led to the commission of the other; proof of the one act []either constituted [ ]or depended upon proof of the other." *United States v. Halper,* 590 F.2d 422, 429 (2d Cir.1978); *see also United States v. Anderson,* 642 F.2d 281, 284 (9th Cir.1981)

*U.S. v. Jawara,* 474 F.3d at pg. 574. This definition of joinder based on a "common scheme or plan" also fails to support Rule 8(a) joinder of Mr. Lund's indictments. The 2018 indictment is devoid of any allegation that the false statements attributed to Mr. Lund relate to any of the offenses alleged in the 2019 indictment, including Count 4. According to the 2018 indictment, Mr. Lund made these statements to a bankruptcy trustee in the context of a Chapter 13 bankruptcy proceeding. There is no factual allegation which

6 – DEFENDANT'S RESPONSE TO UNITED STATES' MOTION TO CONSOIDATE RELATED CASES

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

states or supports a reasonable inference that Mr. Lund's allegedly false statements were made to evade payment of federal taxes or to obstruct or impede enforcement of IRS laws. Granted, there would be some overlap of evidence at a separate trial of the 2018 offense since the government would require evidence to prove Mr. Lund was required to file a return for 2012 (False Statement #1) and owed income tax to the IRS (False Statements #4 & #5). But proof of any one of the eight alleged false statements is is alone sufficient to establish the bankruptcy offense and only three of the eight statements would actually require overlap of evidence.

Count 4 of the 2019 indictment does allege that between October 2000 and December 2016, Mr. Lund sought to obstruct and impede administration of IRS laws in a number of respects including alleged false representations made about his assets in bankruptcy petitions and false sworn statements to a bankruptcy trustee. As previously noted, these factual allegations are too general and amorphous to support a reasonable inference that the bankruptcy offense alleged in the 2018 indictment arose from or depended upon the affirmative acts alleged in support of Count 4 in the 2019 indictment, or vice versa. The Court should find that the offenses alleged in the 2018 and 2019 indictments are part of or constitute a common scheme or plan.

    3.    <u>Evidentiary Concerns</u>:

Recognizing that severance is a matter properly addressed in a Rule 14 motion, a discussion of the potential for unfair prejudice which will almost certainly result from consolidation of these indictments for trial is worthwhile. In all probability, it is no coincidence that a grand jury returned Mr. Lund's 2018 indictment exactly five years, to the

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

day, after the offense alleged therein.  For one reason or another while preparing to level a good number of separate offenses against Mr. Lund which arise from nearly a quarter century of conflicts and legal battles with him, at the last possible moment,  the government decided it was critical to indict him for this bankruptcy offense. Odds are, it made this decision to secure an evidentiary advantage which might otherwise be tenuous or even unavailable once it later prosecuted him for the offenses alleged in the 2019 indictment.

      The offenses charged in the 2019 indictment are replete with allegations which the government can use to undermine and tarnish Mr. Lund's character and credibility at trial.  To support its allegations, the government will offer evidence that he failed to pay his fair share of taxes or file tax returns as required by every other citizen in this country including his jurors; that for almost twenty-five years he devised and employed a host of schemes, artifices and subterfuge to secret and retain assets, property and income subject to collection by the IRS for taxes due and owing; and to top things off, he stole, purloined and converted for the personal use of himself and his family, benefits, resources and funds which belonged to the Oregon Health Plan and Supplemental Nutritional Assistance Program to assist and support Oregonians in need.[2]

      So why the last minute scramble to secure the 2018 indictment?  After all, the government does not require an indictment to introduce evidence of Mr. Lund's conduct in the 2013 bankruptcy proceeding so long as that evidence is *relevant* to prove a material element of the offenses it filed against him in 2019.  See *U.S. v. Musacchio*, 968 F.2d 782

---

[2] At the appropriate time, Mr. Lund will file a Rule 14 motion to sever Counts 5 and 6 from the 2019 indictment.

8 – DEFENDANT'S RESPONSE TO UNITED STATES' MOTION TO CONSOIDATE RELATED CASES

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

(9th Cir.1992) (rejecting attempt to convert statute of limitations from procedural rule to restrict the introduction of evidence). If, however, that evidence is not logically or legally relevant at a trial for the 2019 indictment, the 2018 indictment and a successful motion to consolidate nevertheless guarantees its admissibility. Regardless of whether Mr. Lund's testimony during the 2013 bankruptcy hearing has no connection whatsoever to the offenses alleged in his 2019 indictment, the jury will receive, hear and consider sworn testimony from his own mouth which the government will, no doubt, characterize as abject and incontrovertible perjury. If believed and regardless of instructions given to circumscribe and limit wholesale reliance on this evidence for an improper purpose, its introduction cannot help but exponentially increase the probability of Mr. Lund's conviction on all offenses in both indictments. Surely Rules 13 and 8(a) the legitimate objectives for consolidation under Rules 13 and 8(a) do not contemplate this result.

4. <u>Statute of Limitations</u>:

Mr. Lund's final challenge to the government's motion involves an argument for which defense counsel was admittedly unable to locate binding precedent yet suggests an alternative rationale to deny the government's motion. Again, Rule 8(a) provides: "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Thus, the analysis required by Rule 8(a) is focused on a specific event in time, issuance of an information or indictment. In this case, that event occurred on June 12, 2019. To meet its burden under Rule 8(a),

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

therefore, the government must prove that on June 12, 2019, it could have indicted Mr. Lund for the bankruptcy offense together with the other offenses alleged in the 2019 indictment. As already stated, Mr. Lund's bankruptcy charge was time barred as of April 24, 2018. See 18 U.S.C. § 3282. Therefore, for purposes of Rule 8(a), that offense was not available for joinder with the offenses alleged in the 2019 indictment.

## CONCLUSION

Based on the foregoing points and authorities, Rule 13 and Rule 8(a) do not support consolidation of the offenses alleged in the 2018 and 2019 indictments for trial before a single jury. Mr. Lund respectfully requests that the Court deny the government's motion to consolidate and order that the offenses alleged in the 2018 and 2019 indictments proceed to separate times before separate juries.

Dated: October 29, 2019.

*/s/ Noel Grefenson*
Noel Grefenson, OSB No. 882168
Attorney for Defendant Robert A. Lund

10 – DEFENDANT'S RESPONSE TO UNITED STATES' MOTION TO CONSOIDATE RELATED CASES

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com