IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | Case No. 3:18-cr-180-SI |
|---|---|
| v. | Case No. 3:19-cr-244-SI |
| ROBERT A. LUND, | **ORDER CONSOLIDATING RELATED CASES** |
| Defendant. | |

Billy J. Williams, United States Attorney, and Seth D. Uram and Clemon D. Ashley, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for United States of America.

Noel Grefenson, P.C., 1415 Liberty Street SE, Salem, OR 97302. Of Attorneys for Defendant Robert A. Lund.

**Michael H. Simon, District Judge.**

On April 24, 2018, a federal grand jury in the District of Oregon indicted Robert A. Lund ("Lund") in Case No. 3:18-cr-180-SI (the "2018 Indictment"). In that case, the grand jury charged Lund with one count of filing false statements in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2). On June 12, 2019, a federal grand jury in the District of Oregon indicted Lund on different charges in Case No. 3:19-cr-244-SI (the "2019 Indictment"). In that case, the grand jury charged Lund with six counts: (1) tax evasion from 1994-1996, in violation of 26 U.S.C. § 7201; (2) failure to file an individual tax return for calendar year 2013, in violation

of 26 U.S.C. § 7203; (3) failure to file an individual tax return for calendar year 2014, in violation of 26 U.S.C. § 7203; (4) obstructing or impeding the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7212(a); (5) theft of government funds relating to the Oregon Health Plan, in violation of 18 U.S.C. § 641; and (6) theft of government funds relating to the Supplemental Nutritional Assistance Program, in violation of 18 U.S.C. § 641. Trial in both cases is scheduled to begin on October 13, 2020.

The United States has moved to consolidate both cases under Rule 13 of the Federal Rules of Criminal Procedure. That rule provides:

> The court may order that separate cases be tried together as though brought in a single indictment or information *if all offenses and all defendants could have been joined in a single indictment* or information.

Fed. R. Crim. P. 13 (emphasis added). In determining whether all offenses against a defendant could have been joined in a single indictment, the Court must examine Rule 8(a). That rule provides, in relevant part:

> The indictment . . . may charge a defendant in separate counts with [two] or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).

The 2018 Indictment alleges that in April 2013, Lund lied under oath by stating that, among other things, he: (1) was not required to file a 2012 tax return; (2) only earned about $800 per month and less than $10,000 per year; (3) lived in a commercial building in downtown Albany, Oregon, when he really lived on a sprawling parcel of land in Lebanon, Oregon; (4) owed no taxes to the IRS; (5) did not operate a property management business; and (6) has never owned or operated a business. 2018 Indictment, ¶ 7. The 2019 Indictment alleges that

from 2000 through 2016, Lund evaded payment of $1.7 million in federal income taxes by, among other things: (1) operating four businesses from a building in downtown Albany, Oregon; (2) operating a rental property management business; (3) concealing his ownership of real properties by using nominee owners; (4) concealing his income from the IRS by depositing money in nominee bank accounts from March 2012 through December 2016; and (5) filing bankruptcies that included false statements about his assets. 2019 Indictment (Count 1).

The 2019 Indictment further alleges that in 2013 Lund received gross income of $156,547 but intentionally failed to file an income tax return for that year (Count 2) and that from July 2012 through December 2016 Lund stole federal funds in the form of Oregon Medicaid benefits (Count 5) and Oregon SNAP (food stamp) benefits (Count 6) by submitting false and fraudulent information to the Oregon agencies administering those programs and by not disclosing to these agencies material facts that would have disqualified him and his family. The United States argues that the evidence proving the allegations in the 2019 Indictment will include that Lund submitted initial and follow-up applications for benefits in which he: (1) falsely stated he and his family lived in a commercial building in downtown Albany, Oregon; (2) did not disclose his true residence in Lebanon, Oregon; (3) falsely stated that he earned about $800 per month as a part-time handyman; and (4) did not disclose that he operated a property management company and other businesses. The 2018 Indictment includes allegations that he made identical false statements or omissions in his bankruptcy case. The United States adds that Lund needed to make the same false statements and omissions in his bankruptcy case as he made in his applications for Medicaid and SNAP benefits because telling the truth in one would have scuttled his plan to cheat in the other.

The Court finds that offenses charges in the 2018 Indictment and the 2019 Indictment are of the same or similar character, are based on the same acts or transactions, and are connected to or constitute parts of a common scheme or plan. Thus, these charges could have been alleged in multiple counts contained in a single indictment. *See United States v. Jawara*, 474 F.3d 565, 574 (9th Cir. 2007), citing *United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981) ("When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate."). Further, because all the evidence proving the separate counts would be admissible if the counts were severed or otherwise tried separately, joinder is not prejudicial. *See United States v. Prigge*, 830 F.3d 1094, 1098 (9th Cir. 2016).

Finally, the Court rejects Lund's final argument that because the charge alleged in the 2018 Indictment would have been time-barred had the government brought that charge for the first time in the 2019 Indictment, the offenses may not be tried together. Neither Rule 8(a) nor Rule 13 provides that as a basis for denying joinder or consolidation, and the Court is aware of no case law that supports such a conclusion.

## CONCLUSION

The United States' Motion to Consolidate Related Cases (ECF 32 in both cases) is GRANTED. Case No. 3:18-cr-180-SI and Case No. 3:19-cr-244-SI) are consolidated, with the Case No. 3:18-cr-180-SI being designated as the LEAD case.

**IT IS SO ORDERED**.

DATED this 7th day of November, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge